## McFarland v. Farmer.

Where personal property is contracted to be sold or exchanged, and delivered with a condition precedent to be performed by the vendee, and it is agreed that the absolute ownership and right of property therein, although delivered to the vendee, shall remain in the vendor till such condition be performed, such general owner will hold the property even as against a creditor of the vendee, who may attach the same in the vendee's possession.

And an officer who attaches and sells the same as the property of the vendee, before the performance of the condition, is liable to the general owner in trover.

TROVER for one horse. It was agreed that the plaintiff and one Frank S. Soule exchanged horses about the middle of September, 1859; that at the exchange of the horses Soule verbally agreed to give, in addition to his horse, crackers to the value of seventy-five dollars; crackers to be reckoned at market price, no particular time being fixed for their delivery; and it was then also verbally agreed that the horse received by Soule should be the plaintiff's, until the crackers, of the value of seventy-five dollars, should be delivered as aforesaid, and the plaintiff should have full ownership of him; that before October 12, 1859, four barrels of crackers were delivered to the plaintiff by Soule, and that their market value then was eleven dollars and forty-eight cents, and that he also received other crackers of Soule before said October 12, but on other trades, made afterward.

It was also agreed that the defendant was a deputy sheriff, and on a writ in favor of Johnson & Co. against Soule, attached, October 12, 1859, this horse, which had been in possession of Soule since the exchange, together with other personal property of Soule; that the action of Johnson & Co. was duly entered in court and prosecuted to final judgment in favor of Johnson & Co.; that said horse and other property was sold at sheriff's sale

McFarland *v.* Farmer.

and the proceeds applied to said judgment, which remains unsatisfied in part; that said judgment was rendered for goods sold by Johnson & Co. to Soule, a part of which were sold after the horse came into Soule's possession; that October 15, 1859, the plaintiff demanded of this defendant the horse, which he refused to deliver, and also demanded the balance of seventy-five dollars, due on the horse, which had not been paid.

It was also agreed that Soule, after the attachment of Johnson & Co. and others, failed to meet his liabilities; and that the plaintiff had other claims against Soule, and that some of the property attached by the defendant on Johnson & Co's and others' writs, was delivered to the plaintiff on his claim as mortgagee.

It was also agreed that if the plaintiff can maintain this action, judgment shall be rendered in his favor for $63.52, with interest from the date of the demand; otherwise for the defendant for his costs; and the questions of law arising upon the case were reserved and assigned to the law term.

*Shattuck*, for the defendant.

To maintain this action the plaintiff must show (1) ownership and a present right of possession; (2) a demand and refusal; (3) a conversion.

The case finds the ownership of the horse to be in the plaintiff, as against Soule, with the right of possession in Soule. The right to a present possession in the plaintiff must be shown in order to maintain this action. 2 Greenl. Ev., sec. 640; *Jones* v. *Sinclair*, 2 N. H. 319; *Odiorne* v. *Colby*, 2 N. H. 66; *Clark* v. *Draper*, 19 N. H. 419. A demand is necessary where the party obtains possession lawfully. *Hyde* v. *Noble*, 13 N. H. 494; 2 Greenl. Ev., sec. 644. The right of possession being in Soule, with power to complete and perfect the possession, a demand on Farmer is not sufficient. He came in against the will of

Soule. The demand should have been upon Soule. *Davis* v. *Emery*, 11 N. H. 230.

The acceptance by the plaintiff of a part of the crackers, when he was entitled to the full amount of them, is a waiver of the original contract, and gives to Soule complete ownership in the horse, at least so far as his creditors are interested. *Stevens* v. *Cushing*, 1 N. H. 17; *Mitchell* v. *Gile*, 12 N. H. 390.

*Lord*, for the plaintiff.

This was a conditional sale, there being a condition precedent, to be performed before property in the horse in question vested in Soule. It was competent for the parties to the contract to make the agreement for the plaintiff to reserve the ownership of the horse till he was fully paid. *Sargent* v. *Gile*, 8 N. H. 325; *Porter* v. *Pettingill*, 12 N. H. 299; 17 Mass. 606; 4 Mass. 405. The same rules of law apply to both sales and exchange. On a sale or exchange of a chattel, if delivered on condition, the property does not pass until the condition is complied with. *Luey* v. *Bundy*, 9 N. H. 298; *Davis* v. *Emery*, 11 N. H. 230; 22 Pick. 535; 4 Cush. 195. Where a condition precedent is attached to a contract of sale and delivery, and not performed, the right continues in the vendor, even against creditors. Pars. on Cont. 448; 2 Kent's Com. 497; *Fuller* v. *Bean*, 34 N. H. 290; *Porter* v. *Pettingill*, 12 N. H. 299; *Clark* v. *Draper*, 19 N. H. 419. No particular time being fixed for payment, it was presumed to be on demand, or within a reasonable time; and if there is delay, such delay is not credit to Soule. 5 Gray 306; 18 U. S. Dig. 647, 33.

The acceptance of a part, when, by the contract, the time of payment was not limited, can not be regarded as a waiver of the plaintiff's rights, for the plaintiff was to have full ownership till all was paid.

McFarland *v.* Farmer.

SARGENT, J. There can be no doubt, we think, upon the facts stated in the case, that the property in the horse attached by the defendant was, at the time of the attachment, as between Soule and McFarland, in the latter. As between the parties to the contract the property will not be presumed to pass, against the express agreement of the parties that it should not pass ; but on the other hand it is the policy of the law to carry out and effectuate the intent of the parties, where that can be done without prejudice to the rights of third persons whose interests may have become involved in the subject matter of the contract.

The sale and delivery of the horse by McFarland to Soule was not absolute but conditional, and no property passed by the delivery until the conditions had been fulfilled. 2 Black. Com. 447 ; *Sargent* v. *Gile,* 8 N. H. 325 ; *Luey* v. *Bundy,* 9 N. H. 298 ; *Davis* v. *Emery,* 11 N. H. 230 ; *Porter* v. *Pettingill,* 12 N. H. 299.

It can not alter the case that no particular time was agreed upon for the delivery of the crackers. Till they were delivered, or their delivery waived by McFarland, the horse, by the agreement, remained his. No presumption arises that they were to be delivered in any particular manner, or at any particular time. There is nothing in the case tending to show that they were not delivered on demand, or in reasonable time ; but it would seem that they had been delivered as they had been needed by the plaintiff, and under these circumstances the acceptance of a part can be no waiver of the plaintiff's right to the whole. The delivery of the whole amount at one time, or by installments, is a matter which the parties might accommodate to their convenience, without prejudice to their rights under the contract.

Such being the effect of the contract upon the parties thereto, it remains to be seen whether any different rule is to be applied to this case, under the circumstances

stated. Can the creditors of Soule acquire any greater right or interest in the horse than Soule himself possessed? Certainly not, unless the plaintiff is estopped, by his own acts or some considerations of public policy, from asserting his claim to the horse as against such creditors. No acts of his own are stated in the case which can have that effect, and upon the authorities, the rights of the plaintiff seem to be unprejudiced by the interference of creditors with the property.

"While there is a condition precedent attached to a contract of sale and delivery, the property does not vest in the vendee on delivery, until he performs the condition, or the seller waives it, and the right continues in the vendor, even against the creditors of the vendee." 2 Kent's Com. 497; *Barrett* v. *Pritchard*, 2 Pick. 512; *Bishop* v. *Shiletto*, 2 B. & Ald. 329, note, and the authorities cited in the plaintiff's brief.

Soule, till the performance of the condition precedent to the absolute sale and delivery of the property, is but a bailee of it, and we can not see how his creditors, in a case free from any suspicion of fraud, can reasonably complain at not being able to appropriate to the payment of their debts property to which he never had any title. It is true that Soule had the possession of the horse, but that possession was liable to be terminated at any moment at the pleasure of this plaintiff.

It is objected to the maintenance of this suit that the right of possession was in Soule, and that therefore a demand must have been made upon him before action brought. But upon the facts stated in the case this position is unfounded. By the agreement, the absolute right of property was to remain in the plaintiff till the whole amount was paid; and the right of possession, in case of personal property, follows as a necessary incident the right of property; and not only the right of possession, but the possession is in law deemed to be in the person having

McFarland *v.* Farmer.

the absolute title and right of property. In such cases the general property draws to it the possession, so as to enable the owner to support trespass or trover, though he has never been in possession. 1 Ch. Pl. 169, 176; 5 Bac. Ab. 166; *Anderson* v. *Nesmith*, 7 N. H. 167; *Plummer* v. *Plummer*, 30 N. H. 568.

It does not appear that McFarland parted with his right of possession at all, and, so far as the case shows, he could have asserted that right at any time before the right of property should pass to Soule by the payment of the whole amount due. Soule only held the horse as bailee, by consent of the plaintiff, and when that consent ceased his right to hold the horse was gone. He was a mere bailee at will.

In *Bailey* v. *Colby*, 34 N. H. 29, the different kinds of bailments are considered, and it is held that a bailee at will of personal property, where the bailment may terminate at the pleasure of either party, and a bailee in whom a personal confidence is reposed, have no assignable interest in the thing bailed, and any sale by them passes no property, but puts an end to the bailment, and the owner may bring trover or trespass against the purchaser who takes the property. But a hirer of the property for a term, or a bailee who has a lien upon the property, may have an assignable interest in it, so that his transfer of his interest merely, subject to the rights of the general owner, will convey that interest, and the purchaser will hold the property in the same manner as the seller did; yet in that case, if he sell the property absolutely, it terminates the bailment, so that the general owner may take the same wherever he can find it, or of course maintain trover or trespass against the purchaser who converts the same to his own use.

Taking the agreement as stated in the case, it would seem to bring this case within the first class above named. But supposing it to come within the second class. Sup-

McFarland *v.* Farmer.

pose the agreement to have been that the defendant should have held the property in possession, and had a right to do so for a time, or until the happening of some event, as against the plaintiff, so as to have an assignable interest therein, which he could have sold, then it would probably follow that the same interest could be attached, and, when sold on execution, the purchaser would stand in the place of the bailee, having his rights, which would be the right to hold the property by paying or tendering the amount due to the general owner.

But in this case the officer has not sold merely the right of Soule in the horse, and offered to pay the plaintiff the balance due upon it, but he has taken the entire property in the horse and sold the same without any regard to the plaintiff's right; and in such case the defendant, the officer, can not stand better than an innocent purchaser from Soule of the entire interest in the horse, against whom this action could be maintained by the general owner. The defendant has not only taken the entire interest in the horse and sold it, but has refused to pay over the balance due the general owner when demanded; and we think he may well be held to answer to this plaintiff in this action, in whatever light we may regard the bailment of the horse to Soule. The case fixes the amount of the damages, and there must be

*Judgment for the plaintiff.*